# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AUSTIN SURGICAL HOSPITAL )
3003 Bee Cave Road )
Austin, TX   78746 )
)
   Plaintiff, )
)
  v. )  Civil Action No. _____
)
THOMAS E. PRICE, M.D., )
 Secretary, U.S. DEPARTMENT )
 OF HEALTH and HUMAN SERVICES )
200 Independence Avenue, S.W. )
Washington, DC  20201 )
)
   Defendant. )
)
Serve: )
  Thomas E. Price, M.D., )
  Secretary of Health & Human Services )
  c/o Office of General Counsel )
  200 Independence Ave., S.W. )
  Room 713 )
  Washington, D.C. 20201 )
)
  Jeff Sessions )
  U.S. Attorney General )
  Department of Justice )
  950 Pennsylvania Ave., N.W. )
  Washington, D.C. 20530 )
)
  Channing D. Phillips )
  U.S. Attorney for the District of Columbia )
  555 4th St., N.W. )
  Washington, D.C. 20530 )

# COMPLAINT

## I.    SUMMARY

1.      Plaintiff Austin Surgical Hospital ("Hospital") brings this complaint for judicial review of the final administrative decision of the Provider Reimbursement Review Board ("Board") that it does not have jurisdiction to review the Hospital's claims as to the amount of the Hospital's Rural Floor Budget Neutrality Adjustment ("RFBNA") in connection with providing services under the Medicare program during the Hospital's fiscal years ending September 30, 2009, September 30, 2010, and September 30, 2011.

2.      Congress has mandated that a provider such as the Hospital shall have the right to a hearing before the Board if it "is dissatisfied with a final determination of . . . its fiscal intermediary . . . as to the amount of total program reimbursement due the provider . . . for the period covered by such report . . . ." 42 U.S.C. § 1395oo(a). In 1983, the Secretary of the United States Department of Health and Human Services ("Secretary") promulgated a regulation implementing this statutory right. In 2008, however, the Secretary amended the regulation, which improperly attempted to limit providers' statutory appeal rights.

3.      The regulatory amendment, effective for cost reporting periods ending on or after December 31, 2008, purports to establish a pre-condition to a provider's statutory right of appeal. The amendment asserts that, to be entitled to exercise its statutory right of appeal, a provider must previously have "preserv[ed] its right to claim dissatisfaction with the amount of Medicare payments for the specific item(s) at issue, by. . . self-disallowing the specific item(s) by following the applicable procedures for filing a cost report under protest, where the provider seeks payment that it believes may not be allowable or may not be in accordance with Medicare policy (for example, if the intermediary lacks the  discretion to award the reimbursement the provider

seeks for item(s)). " 42 C.F.R. § 405.1835(a)(1) (2008) ("Self-Disallowance Regulation"). The Self-Disallowance Regulation was modified by the Secretary effective October 1, 2014, but the Self-Disallowance Regulation remained in effect during the fiscal years in dispute in this proceeding. *See* 79 Fed. Reg. 49854 (Aug. 22, 2014).

4.      The Board applied the Self-Disallowance Regulation and dismissed the Hospital's instant appeals, holding that the Board lacked jurisdiction to consider the appeals for fiscal years 2009, 2010 and 2011.   Board Decision in Case Nos. 13-0005, 14-2394 and 15-0260 (Dec. 19, 2016) ("Final Agency Decision") (Exhibit A hereto).   The Board ruled that the Hospital had allegedly not followed the Self-Disallowance Regulation with respect to preserving its right to claim dissatisfaction with the RFBNAs for fiscal years 2009, 2010 and 2011.   Final Agency Decision at 4. The Board did not find any other alleged jurisdictional defects.   As a result of the Final Agency Decision, the Hospital has been deprived of its statutory right to appeal the RFBNAs for the fiscal years at issue.

5.      The Hospital challenges the Final Agency Decision on the following grounds: (1) the Self-Disallowance Regulation, and the Board's Final Agency Decision relying on same, violate 42 U.S.C. § 1395oo(a); (2) the Self-Disallowance Regulation, and the Board's Final Agency Decision relying on same, are not a reasonable interpretation of 42 U.S.C. § 1395oo(a); (3) the Self-Disallowance Regulation, and the Board's reliance thereon in the Final Agency Decision, are arbitrary and capricious and otherwise not in accordance with law; and (4) the Self-Disallowance Regulation was promulgated in violation of the notice and comment requirements of the Administrative Procedure Act ("APA").   This Court, in a case previously filed by other hospitals, ruled that the Self-Disallowance Regulation is invalid as contrary to the plain text of 42 U.S.C. § 1395oo. *Banner Heart Hospital v. Burwell*, No. 14-cv-1195 (APM) (D.D.C. Aug. 19,

2016) (Doc. 44).   The Secretary had initially appealed that decision, but then voluntarily dismissed the appeal, rendering the Court's decision in that case final.

6.      The Hospital seeks an order: (1) that the Secretary's Self-Disallowance Regulation is invalid as written and as implemented, and that the Board has jurisdiction over the  Hospital's appeals; (2) that sets aside the Final Agency Decision as erroneously based on the Self-Disallowance Regulation; and (3) that remands the Hospital's appeal to the Board for a hearing on the merits.

## II.      PARTIES

7.      The Hospital, known during the relevant time period as Austin Surgical Hospital, but currently conducting business as Arise Austin Medical Center, was certified to participate in the Medicare program as a provider of health care services during fiscal years 2009, 2010 and 2011.  The Hospital was a provider of health care services to Medicare beneficiaries during fiscal years 2009, 2010 and 2011.

8.      Defendant Thomas E. Price, M.D., is Secretary of the United States Department of Health and Human Services ("HHS") and is sued in his official capacity.

## III.      JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 42 U.S.C. § 1395oo(f).

10.      Venue is proper in this Court under 42 U.S.C. § 1395oo(f) and 28 U.S.C.  § 1391.

11.      The Board's decision that it lacks jurisdiction over the Hospital's appeals is the Secretary's final decision and is subject to judicial review pursuant to 42 U.S.C. § 1395oo(f).

12.     This action is timely filed under 42 U.S.C. § 1395oo(f) because it has been brought within 60 days of the Hospital's receipt of the Secretary's final decision on the Hospital's administrative appeals.

## IV.     STATUTORY, REGULATORY AND FACTUAL BACKGROUND

### a.     Providers' Statutory Rights to Appeal When Dissatisfied As to the Amount of Total Program Reimbursement Due

13.     The Medicare program, established as Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, is the federal entitlement program that provides health care insurance to the nation's aged and disabled.

14.     The Secretary administers the Medicare program through The Centers for Medicare and Medicaid Services ("CMS"), a component of HHS.

15.     CMS makes Medicare payments to health care providers through private contractors known as Medicare Administrative Contractors ("MACs") (formerly known as fiscal intermediaries). MACs process Medicare claims as the Secretary's agents.

16.     In connection with receiving reimbursement from the Secretary for providing covered services to Medicare beneficiaries, each provider submits a cost report at the end of its fiscal year to its MAC.

17.     The MAC audits the cost report and issues a Notice of Program Reimbursement ("NPR"), specifying the amount of reimbursement due to the provider and explaining any adjustments to the costs claimed on the cost report.

18.     Under 42 U.S.C. § 1395oo, a provider has the right to obtain a hearing before the Board with respect to a timely-filed cost report if:

    (1)    such provider --

        (A)   (i) **is dissatisfied** with a final determination of . . . its fiscal intermediary . . . **as to the amount of total program reimbursement due** the provider . . . for the period covered by such report …

    (2)    the amount in controversy is $10,000 or more, and

    (3)    such provider files a request for a hearing within 180 days. . .

42 U.S.C. § 1395oo(a) (emphasis added).

19.    The statute also states:

> The Board shall have the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) **even though such matters were not considered by the intermediary in making such final determination**.

42 U.S.C. § 1395oo(d) (emphasis added).

20.    A provider that remains dissatisfied with a final decision of the Board or the Secretary may seek review in this Court.  42 U.S.C. § 1395oo(f).

**b.**    **In 2008, the Secretary Promulgated the Self-Disallowance Regulation Which Invalidly Curtails Providers' Statutory Appeal Rights**

21.    In 2008, and effective for cost reporting periods ending on or after December 31, 2008, the Secretary amended his regulations to impose new requirements for provider appeals to the Board.  73 Fed. Reg. 30190 (May 23, 2008).

22.    Prior to that amendment, the Secretary's regulations, codified at 42 C.F.R. § 405.1835, paralleled 42 U.S.C. § 1395oo, stating:

    (a)    *Criteria.* The provider . . . has a right to a hearing before the Board about any matter designated in § 405.1801(a)(1), if:

            (1)      An intermediary determination has been made with respect to the provider; and

            (2)      The provider has filed a written request for a hearing before the Board. . . ; and

            (3)      The amount in controversy . . . is $10,000 or more.

23.    In 2008, the Secretary adopted the Self-Disallowance Regulation to state in relevant part that:

        (a)    *Criteria.* A provider . . . has a right to a Board hearing . . . **for specific items claimed** for a cost reporting period covered by an intermediary or Secretary determination, **only if**—

            (1)      The provider **has preserved its right to claim dissatisfaction** with the amount of Medicare payments for the specific item(s) at issue, **by** either—

            (i)      Including a claim for specific item(s) on its cost report for the period where the provider seeks payment that it believes to be in accordance with Medicare policy; or

            (ii)      Effective with cost reporting periods that end on or after December 31, 2008, **self-disallowing the specific item(s) by following the applicable procedures for filing a cost report under protest, where the provider seeks payment that it believes may not be allowable or may not be in accordance with Medicare policy** (for example, if the intermediary lacks the discretion to award the reimbursement the provider seeks for item(s)).

42 C.F.R. § 405.1835(a) (emphasis added).

24.    The requirements in the Self-Disallowance Regulation that a provider must have "preserved its right to claim dissatisfaction" and must have done so as to "specific items claimed" are contrary to the plain text of 42 U.S.C. § 1395oo.

25.    Although the Self-Disallowance Regulation imposed a requirement that a provider seeking additional payment based on a challenge to a payment regulation must "follow[] the applicable procedures for filing a cost report under protest," the Self-Disallowance Regulation did not contain any "applicable procedures" for doing so.

26.     The Self-Disallowance Regulation is contrary to 42 U.S.C. § 1395oo(a), which requires only "dissatisfaction with a final determination of . . . its fiscal intermediary. . . as to the amount of total program reimbursement due. "

c.     **Facts Specific to the Hospital's Appeals**

27.     With respect to each of the fiscal years at issue, the Hospital timely filed its cost report in accordance with the Secretary's applicable rules.

28.     The Hospital timely filed appeals for the years at issue to the Board pursuant to 42 U.S.C. § 1395oo and 42 C.F.R. § 405.1835, as well as applicable Board Rules, which permit a provider to file an appeal within 180 days after the date of receipt of the notice of the fiscal intermediary's final determination.

29.     The Hospital's appeals to the Board challenged the validity of the Secretary's calculation of the RFBNAs.  The MAC had no discretion and was required to use the RFBNA as established by the Secretary to determine the Hospital's allowable Medicare payments. *See Cape Cod Hosp. v. Sebelius*, 630 F.3d 203 (D.C. Cir. 2011).

30.     The Hospital's appeals involved three different fiscal years, but the Board issued a single decision rejecting all three appeals.

31.     The Board ruled that the Hospital purportedly failed to comply with requirements of the Self-Disallowance Regulation and, thus, the Board purportedly lacked jurisdiction. According to the Board, "the [Hospital] does not have the right to a Board hearing regarding [the RFBNAs] because it has failed to meet the requirements under 42 CFR § 405.1835(a(1)(ii)." Final Agency Decision (Exhibit A hereto) at 4.

32.     On that basis, the Board dismissed the Hospital's appeals and did not address the

Hospital's substantive challenge.

33.     The Board's Final Agency Decision dismissing the Hospital's appeal to the Board

is the final decision of the Secretary, which the Hospital timely appeals to this Court.

## V.     THE BOARD'S DECISION DISMISSING THE HOSPITAL'S PRRB APPEALS DEPRIVED THE HOSPITAL OF ITS STATUTORY APPEAL RIGHTS IN VIOLATION OF BOTH 42 U. S.C. § 1395oo AND THE APA

34.     The Court should hold unlawful and set aside the Board's decision to dismiss the

Hospital's appeals to the Board because the Final Agency Decision was (A) in excess of statutory

jurisdiction, authority, or limitations, or short of statutory right, (B) arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law, (C) without observance of

procedure required by law, and/or (D) unsupported by substantial evidence, insofar as:

   a.     The Hospital's appeals to the Board satisfied all jurisdictional

requirements of 42 U.S.C. § 1395oo;

   b.     The Self-Disallowance Regulation, on which the Board relied for the Final

Agency Decision, is contrary to 42 U.S.C. § 1395oo in that the Self-Disallowance Regulation

imposes additional requirements for Board review not found in the statute, abridges the statutory

rights of providers to a Board hearing, and purports to limit the Board's powers expressly set

forth in same;

   c.     The Board ignored and misconstrued the requirements of 42 U.S.C. §

1395oo(a)(1)(A) under which the Hospital filed its appeals, and incorrectly imposed a claim

specific "dissatisfaction" requirement where the statute requires only "dissatisfaction . . . as to the amount of total program reimbursement. . .";

     d.    The Self-Disallowance Regulation, on which the Board relied for the Final Agency Decision, is not a reasonable interpretation of 42 U.S.C. § 1395oo in that, by way of example and not limitation, it conflicts with the agency's prior interpretation of the statute, and conflicts with controlling precedent (*Bethesda Hosp. Ass'n v. Bowen*, 485 U. S. 399, 404-05 (1988)).

     e.    The Self-Disallowance Regulation, on which the Board relied for the Final Agency Decision, is arbitrary, capricious, unsupported by substantial evidence, and lacks a reasoned basis, particularly in circumstances such as those presented by the Hospital in the instant appeals, where the Hospital's dissatisfaction with the total amount of the program reimbursement is due to the application of an agency policy and calculation which the MAC had no authority to reject, but was required to follow.

     f.    The Self-Disallowance Regulation, on which the Board relied for the Final Agency Decision, is arbitrary and capricious because it is contrary to the plain text of 42 U.S.C. § 1395oo, as established by this Court in *Banner Heart Hospital v. Burwell*, No. 14-cv-1195 (APM) (D.D.C. Aug. 19, 2016) (Doc. 44);

     g.    The Self-Disallowance Regulation is invalid because it incorporates by reference "applicable procedures for filing a cost report under protest," but does not set forth any "applicable procedures" in the regulations, in violation of the APA and regulations; and,

h.      The Self-Disallowance Regulation is invalid because it is predicated, in part, on the Secretary's erroneous assertion that the Board has discretion not to hear a jurisdictionally proper appeal to which the Hospital is statutorily entitled.

## VI.      REQUEST FOR RELIEF

WHEREFORE, Hospital respectfully requests that the Court enter an order:

1.      Invalidating the Secretary's Self-Disallowance Regulation and finding that the Hospital's appeals are jurisdictionally proper;

2.      Remanding the Hospital's appeals to the Board for a hearing on the merits of the Hospital's appeals;

3.      Awarding the Hospital its attorneys' fees and costs as permitted under any applicable law; and

4.      Granting the Hospital such further and additional relief as may be just and warranted.

Respectfully submitted,

By:   */s/ James P. Holloway*
      James P. Holloway (# 415173)
      Baker Donelson Bearman Caldwell
          & Berkowitz, PC
      1401 H Street, NW
      Suite 500
      Washington, DC  20005
      Tel: (202) 326-5045
      Fax: (202) 336-5245
      Email: jholloway@bakerdonelson.com

232227

11

Leslie Demaree Goldsmith (#422759)
Baker Donelson Bearman Caldwell
  &amp; Berkowitz, PC
100 Light Street
Baltimore, MD  21202
Tel: (410) 862-1133
Fax: (443) 263-7533
Email: lgoldsmith@bakerdonelson.com

*Counsel for Plaintiff*

232227